UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01475-MRA-AS | Date | September 10, 2025 |
| Title | *Artem Vaskanyan v. James Janecka, et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PETITIONER'S APPLICATION FOR FEES AND COST PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT [29]**

Before the Court is Petitioner's Application for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act (the "Motion"). ECF 29. The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motion.

## I. BACKGROUND

On June 12, 2025, Petitioner filed the instant Petition for Writ of Habeas Corpus against James Janecka, Warden of the Adelanto Immigration and Customs Enforcement ("ICE") Processing Center; Thomas Giles, Director of the Los Angeles ICE Field Office; Todd Lyons, Acting Director of ICE; Kristi Noem, Secretary of the Department of Homeland Security ("DHS"); and Pamela Bondi, Attorney General of the United States (collectively, "Respondents" or "the government"), alleging that his continued detention in ICE custody violates the Fifth Amendment to the United States Constitution and Section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). ECF 1 (Pet.). On June 17, 2025, Petitioner filed a Motion for a Temporary Restraining Order (the "TRO Application"). ECF 10 (Appl.).

On June 25, 2025, the Court granted in part Petitioner's TRO Application. ECF 18. On July 18, 2025, the Court granted Petitioner's Petition for Writ of Habeas Corpus and issued a writ of Habeas Corpus, ordering Respondents to immediately release Petitioner from detention on reasonable terms of supervision pursuant to 28 U.S.C. § 1231(a)(3), (6). ECF 27 at 8. The Court further ordered that Plaintiff is awarded costs and reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. *Id.* The Court herein incorporates by reference the factual background and procedural history set forth in its July 18, 2025, Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01475-MRA-AS | Date | September 10, 2025 |
|---|---|---|---|
| Title | *Artem Vaskanyan v. James Janecka, et al.* | | |

On August 11, 2025, Petitioner filed the instant Motion, seeking a total fee award of $16,067 without any recovery of costs. ECF 29. The government opposes, responding that their position was substantially justified. ECF 30. Petitioner filed a Reply. ECF 31.

## II. LEGAL STANDARD

Under the American Rule, the parties to litigation generally bear their own attorneys' fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Federal Rule of Civil Procedure 54(d)(2), however, provides that a party may move for an award of attorneys' fees where that party is entitled to such an award under a "statute, rule, or other grounds." Fed. R. Civ. P. 52(d)(2)(B)(ii); *see also MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) ("The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute or contract authorizing such an award.").

The Equal Access to Justice Act ("EAJA"), 28 U.SC. § 2412(d), enacted by Congress "to curb abusive and costly lawsuits involving the federal government," *Su v. Bowers*, 89 F.4th 1169, 1173 (9th Cir 2024), is an exception to the American Rule, *Astrue v. Ratliff*, 560 U.S. 586, 591-92 (2010). The EAJA "requires a court to award 'reasonable attorney fees' to 'a prevailing party other than the United States' in 'any civil action (other than cases sounding in tort)' that are 'brought by or against the United States,' 'including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Nerio Mejia v. O'Malley*, 120 F.4th 1360, 1363 (9th Cir. 2024) (quoting 28 U.S.C. § 2412(d)(1)(A), (2)(A)). "Once a plaintiff has shown an entitlement to 'reasonable' attorneys' fees under the EAJA . . . it 'remains for the district court to determine what fee is reasonable.'" *Nerio Mejia*, 120 F.4th at 1364 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Courts apply the "lodestar" method to determine what constitutes a reasonable attorney's fee in civil rights cases. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Hensley*, 461 U.S. at 433). To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.

//

//

## III. DISCUSSION

### A. Petitioner's Right to EAJA Fee Award

The Court previously concluded that Plaintiff is entitled to a fees award under the EAJA. ECF 27 at 8; *see also* ECF 29 at 2. Nevertheless, the government maintains that its position was substantially justified because Petitioner's detention was statutorily authorized while Respondents made efforts to remove him pursuant to a final order of removal. ECF 30 at 3. Petitioner replies that the government "did not lose a close case" and that "on facts admitted by Respondents, there was no likelihood that Petitioner would be removed in the reasonably foreseeable future." ECF 31 at 2, 3.

Under EAJA, the government may avoid a fees award by demonstrating that "the position of the United States was substantially justified." *See* 24 U.S.C. § 2412(d)(1)(A). "The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). "It is the government's burden to show that its position was substantially justified" to avoid a fee award under EAJA. *Id.* "For the government's position to be substantially justified, it 'must have a reasonable basis both in law and fact.'" *Su*, 89 F.4th at 1176 (quoting *Meier*, 727 F.3d at 870). "The test is not whether the government was correct, but whether it was 'for the most part' justified in taking the position that it did." *Meza-Vazquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). Thus, "[t]he central issue . . . is whether the government's position *at trial* was reasonable, despite its ultimate failure to prove that position." *Su*, 89 F.4th at 1176.

The government has not met its burden of demonstrating that its position was substantially justified. First, as to the underlying agency action giving rise to this case, the government primarily contends that Respondents "took reasonable steps to remove Petitioner to Azerbaijan, Russia, and then Armenia" upon his transfer to ICE custody in November 2024. This assertion is belied by the evidence presented in this case. The record reflects that ICE was made aware as early as 2017 that neither Azerbaijan nor Russia, the countries designated on Petitioner's final order of removal, would recognize Petitioner as a citizen or issue him travel documents. *See* ECF 10-1 (Freidel Suppl. Decl.) ¶ 4, Ex. C. Despite this, upon entering ICE custody in November 2024, Petitioner was nevertheless asked by ICE to apply for travel documents from Azerbaijan. *Id.* ¶ 5, Ex. D. ICE then transferred Petitioner to another detention facility, and at the new facility, the agency *again* asked Petitioner to submit a duplicative application for Azerbaijani travel documents. *See id.* ¶ 7, Ex. F. Only after Petitioner had been detained for a presumptively unconstitutional period of six months and Petitioner filed a habeas petition in the Western District

of New York did ICE request for the first time that Petitioner apply for Armenian citizenship. *See* Pet. ¶¶ 44, 48. ICE then transferred Petitioner *again*, and even though Petitioner had already filed an application for Armenian citizenship, he was asked *again* at the new facility to submit a duplicative application. *See id.* ¶ 53; Appl. at 8. All the while Petitioner has consistently maintained that although he is ethnically Armenian, he does not have the documents required to establish Armenian citizenship by descent. *See* Appl. at 14. ICE's pattern of conduct—requiring Petitioner to submit duplicative applications for travel documents from a country that has steadfastly refused to recognize Petitioner as a citizen and deciding to pursue removal to a third country despite the lack of supporting evidence and only after Petitioner had been detained more than six months—is anything but reasonable.

Second, the government's litigation position underscores why its position was not substantially justified. In its June 25, 2025, Order granting Petitioner's TRO Application, the Court held that Petitioner was likely to succeed on the merits of his claim that his continued detention violates his right to due process and the INA. ECF 18 at 5. Specifically, the Court found that, under *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner's detention had already exceeded the presumptively reasonable six-month period, Petitioner had "good reason to believe" that there is no significant likelihood of his removal in the reasonably foreseeable future, and that the government had not rebutted this showing. *Id.* at 6-7. That the government was "pursuing the possibility of removing Petitioner to Armenia" did not show that Petitioner's removal was likely in the reasonably foreseeable future. *Id.* at 7. In fact, that position—that a showing of continued good faith efforts to effectuate deportation is sufficient to prolong detention—was squarely rejected by the Supreme Court in *Zadvydas* as "demand[ing] more than our reading of the [INA] can bear." ECF 18 at 7 (quoting *Zadvydas*, 533 U.S. at 702).

Still, even after Armenia indicated that it would not issue Petitioner travel documents and the government had "all but concede[d] that Petitioner's removal is *not* reasonably foreseeable" in its Answer, ECF 27 at 7, Respondents continued to detain Petitioner and oppose this action. The government suggests that it acted reasonably and "permit[ted] speedy adjudication of the Petition" by "promptly notify[ing]" the Court that Armenia would not issue Petitioner travel documents. *Id.* at 3. The government seems to confuse its duty of candor to the Court with its duty to not violate Petitioner's constitutional rights. Even though this new information made it abundantly clear Respondents' position was legally untenable, Respondents nevertheless refused to release Petitioner absent a court order.

For all these reasons, the Court sustains its prior finding that Petitioner is entitled to a fee award under EAJA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01475-MRA-AS | Date | September 10, 2025 |
| Title | *Artem Vaskanyan v. James Janecka, et al.* | | |

**B. Reasonable Fee Award**

Petitioner argues that his request for a total fee award of $16,067, based on 63.8 hours worked at an enhanced rate of $251.84 per hour, is reasonable. ECF 29 at 2-3. The government does not dispute the fee calculation. *See* ECF 30.

Upon review of the declaration of counsel and the accompanying compilation of time records, the Court finds that the number of hours worked by Petitioner's counsel is reasonable. The Court also agrees that the adjusted rate is warranted for increases in cost of living. Under EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.". 28 U.S.C. § 2412(d)(2)(A). Under the "Statutory Maximum Rates Under [EAJA]" published by the Ninth Circuit, the 2024 maximum statutory rate adjusted for increases in cost of living is $251.84.[1] Accordingly, the Court finds that the requested fee award of $16,067 is reasonable.

**IV. <u>CONCLUSION</u>**

For the foregoing reasons, Petitioner's Motion is **GRANTED**. Respondents are therefore **ORDERED** to pay Petitioner's attorneys' fees in the amount of $16,067 within 60 days of the date of this Order.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku

[1] *Statutory Maximum Rates Under the Equal Access to Just. Act*, U.S. Ct. for the Ninth Cir., https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.